# ORIGINAL

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ICE.COM, LLC, a New York corporation,<br><br>Defendant. | Civil No. 8:06-CV-580 (GLS/RFT) |

### STIPULATED FINAL ORDER FOR CIVIL PENALTIES AND PERMANENT INJUNCTIVE RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or the "Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), has filed a complaint pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b and under Section 7(a) of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), to secure civil penalties, a permanent injunction, and other equitable relief for Defendant's violations of Section 5(a) of CAN-SPAM, 15 U.S.C. § 7704(a). Defendant has waived service of the summons and complaint. The parties, represented by the attorneys whose names appear hereafter, have agreed to settlement of this action without adjudication of any issue of fact or law, and without Defendant admitting liability for any of the violations alleged in the complaint.

THEREFORE, on the joint motion of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), 57b, and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

2. Plaintiff and Defendant consent to jurisdiction and venue in this District.

3. The activities of Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The complaint states a claim upon which relief may be granted against Defendant under Section 5(a) of the CAN-SPAM Act, 15 U.S.C. § 7704(a), and Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 57b.

5. Defendant has entered into the stipulated Judgment and Order for Permanent Injunction ("Order") freely and without coercion.

6. Defendant hereby waives all rights to appeal or otherwise challenge or contest the validity of this Order.

7. Defendant agrees that this Order does not entitle Defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendant further waives any rights to attorneys' fees that may arise under said provision of law.

8. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. "Commercial electronic mail ('email') message" means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose) and that further satisfies the requirements of 16 C.F.R. 316.1 *et seq.*

2. Unless otherwise specified, "Defendant" means ICE.com, LLC. ("ICE.com"), and its successors, assigns, officers, agents, servants, employees, and those persons in active concert or participation with it who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other entity.

3. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate document within the meaning of the term.

4. "Electronic mail ('email') address" means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly

referred to as the "domain part"), whether or not displayed, to which an electronic mail message can be sent or delivered.

5. "Electronic mail ('email') message" means a message sent to a unique electronic mail address.

6. "Initiate," when used with respect to a commercial electronic mail message, means to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message. For purposes of this Order, more than one person may be considered to have initiated a message.

7. "Person" means a natural person or a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an association, cooperative, or agency, or other group or combination acting as an entity.

8. "Procure," when used with respect to the initiation of a commercial electronic mail message, means intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf.

9. "Recipient," when used with respect to a commercial electronic mail message, means an authorized user of the electronic mail address to which the message was sent or delivered. If a recipient of a commercial electronic mail message has one or more electronic mail addresses in addition to the address to which the message was sent or delivered, the recipient shall be treated as a separate recipient with respect to each such address. If an electronic mail address is reassigned to a new

        user, the new user shall not be treated as a recipient of any commercial electronic mail message sent or delivered to that address before it was reassigned.

10.    "Sender," when used with respect to a commercial electronic mail message, means a person who initiates such a message and whose product, service, or Internet web site is advertised or promoted by the message.

## ORDER

### I. PROHIBITION AGAINST VIOLATING THE CAN-SPAM ACT

IT IS THEREFORE ORDERED that Defendant is hereby permanently restrained and enjoined from violating the CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*, including, but not limited to, initiating the transmission of a commercial email message:

A.    that does not contain a functioning return email address or other Internet-based mechanism, clearly and conspicuously displayed, that (i) a recipient may use to submit, in a manner specified in the message, a reply email message or other form of Internet-based communication requesting not to receive future commercial email messages from that sender at the email address where the message was received; and (ii) remains capable of receiving such messages or communications for no less than 30 days after the transmission of the original message;

B.    that does not include clear and conspicuous notice of the opportunity to decline to receive future commercial email from the sender; and

    C.    that is sent to a recipient's email address more than 10 business days after the sender receives a request from that recipient not to receive future commercial electronic mail messages from the sender at the recipient's electronic mail address.

## II. CIVIL PENALTIES

IT IS FURTHER ORDERED that Defendant, and its successors and assigns, shall pay to Plaintiff a civil penalty, pursuant to section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A), in the amount of $6,500 as follows:

    A.    Defendant shall make the payment required by this Part within ten (10) business days of the date of entry of this Order by electronic fund transfer in accordance with the instructions provided by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530, for appropriate disposition;

    B.    In the event of any default in payment, which default continues for ten (10) business days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable.

## III. COMPLIANCE REPORTING BY DEFENDANT

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.  For a period of five (5) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least seven (7) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendant learns less than seven (7) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.  One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order. This report shall include, but not be limited to:

   1.  A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section V of this Order; and

   2.  Any changes required to be reported pursuant to subsection A of this Section;

C.  For the purposes of this Order, Defendant shall, unless otherwise directed in writing by the Commission's authorized representatives, mail all written notifications to the Commission to:

        Associate Director for Marketing Practices
        Federal Trade Commission
        600 Pennsylvania Ave., N.W., Room 238
        Washington, DC 20580
        Re:    United States v. ICE.com, LLC
                Civ. No. _____.

D.    For the purposes of this Order, Defendant shall, unless otherwise directed in writing by a representative of Plaintiff, identify all written notifications required to be sent to Plaintiff as in reference to DJ# 102-3343, and mail them to:

        Director, Office of Consumer Litigation
        U.S. Department of Justice - Civil Division
        P.O. Box 386
        Washington, DC 20044.

E.    For purposes of the compliance reporting and monitoring required by this Order, representatives of Plaintiff and the Commission are authorized to communicate directly with Defendant's officers.

### IV. RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant is hereby restrained and enjoined from failing to create and retain the following records in connection with the marketing, advertising, promotion, offering for sale, or sale of Defendant's goods or services, via commercial email messages, and from failing to make such records (or reports concerning such records) available for inspection and copying within ten (10) days of receipt of a written request from a representative of Plaintiff or Commission:

A. Standard accounting records generated in the ordinary course of business including, but not limited to, balance sheets, income statements, and annual reports;

B. Records accurately reflecting during their employment: the name, physical address, and telephone number of each person employed by Defendant, including as an independent contractor, with responsibilities relating to compliance with this Order; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Records that reflect, for every written or oral consumer complaint received by Defendant relating to the activities of promoting Defendant's goods and services via commercial email messages, whether directly or indirectly or through any third party; (1) the name, address, and telephone number provided by the complaining consumer; (2) the written complaint or request, if any; (3) the basis of the complaint or request if known; (4) the nature and result of any investigation conducted concerning the complaint or request; (5) each response and the date of such response to the complaint or request; (6) any final resolution of the complaint or request, and the date of such resolution; and (7) in the event of a denial of any resolution, the reason for the denial;

D. All other records and documents reasonably necessary to demonstrate full compliance with each provision of this Order, including but not limited to, all documents obtained, created, generated or which in any way relate to the

requirements, provisions or terms of this Order, copies of signed and dated acknowledgments of receipt of this Order, and all reports submitted to the FTC pursuant to this Order.

## V. DISTRIBUTION OF ORDER BY DEFENDANT

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of this Order as directed below.

A. Defendant must deliver a copy of this Order to all its officers, directors, and managers. Defendant must also deliver a copy or summary (to be agreed upon by counsel for Defendant and Commission) of this Order to all its employees, agents, independent contractors, and persons who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. Defendant must secure a signed and dated statement acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy or summary of this Order pursuant to this Section.

## VI. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

IT IS FURTHER ORDERED that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## VII. FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## VIII. SEVERABILITY

IT IS FURTHER ORDERED that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## IX. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendant, pursuant to all the terms and conditions recited above.

Dated this _____ day of _____, 2006.

_____
United States District Judge

The parties, by their respective counsel, hereby consent to the terms and conditions of this Stipulated Order as set forth above and consent to the entry thereof.

DATED: March 31/06

For the DEFENDANT

_____
SHMUEL GNIWISCH
ICE.com, LLC
Chief Executive Officer
1083 Main Street
Champlain, New York 12919

_____
CHARLES H. KENNEDY
Morrison & Foerster, LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 887-1500

PLAINTIFF:

UNITED STATES OF AMERICA:
OF COUNSEL:

_____
LOIS C. GRIESMAN
Associate Director for Marketing Practices
Federal Trade Commission

_____
LASHAWN M. JOHNSON
Attorney
Federal Trade Commission
Washington, D.C. 20580
PHONE: (202) 326-3057
FAX:      (202) 326-3395

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA
PETER D. KEISLER
Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

GLENN T. SUDDABY
United States Attorney

*/s/ William H. Pease*
William H. Pease, Esq.
Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261
PHONE: (315) 448-0672
FAX:   (315) 448-0689
Bar No.: 102338


EUGENE M. THIROLF
Director
Office of Consumer Litigation

*/s/ Elizabeth Stein*
ELIZABETH STEIN
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
PHONE: 202-307-0066
FAX:   202-514-8742
elizabeth.stein2@usdoj.gov